AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail:  ghardcastle@ag.nv.gov

*Attorneys for Defendant Michael Koehn.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERRY SALAS,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. MICHAEL KOEHN, et al.,<br><br>    Defendants. | Case No.  3:16-cv-00635-RCJ-CBC<br><br>ORDER GRANTING<br><br>**MOTION FOR EXTENSION OF TIME TO RESPOND TO MAGISTRATE'S REPORT AND RECOMMENDATION (ECF No. 43)** |

    Defendant, Dr. Michael Koehn, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to file Defendants' Objection to Magistrate's Report and Recommendation at ECF No. 43.  This motion is based on Fed. R. Civ. P. 6(b), the following memorandum of points and authorities, and all papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS AND RELEVANT PROCEDURAL HISTORY**

    This is a *pro se* prisoner civil rights action brought by Plaintiff, Jerry Salas (Plaintiff), asserting claims under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution.  This action arises out of events that allegedly occurred at Ely State Prison (ESP) from December 2014 through February 2015.  Plaintiff alleges that Defendants Koehn, Aranas, and John/Jane Doe Nurses were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. ECF No. 11 at 10.

/ / /

Currently before the Court is the Magistrate's Report and Recommendation ECF No. 43. The Defendants' response to the Report and Recommendation is due today, April 11, 2019. Unfortunately, Defendants are unable to complete their response by this deadline, because their counsel has been unable to work for the last week due to illness requiring surgery and repeated trips to the emergency room.[1] Accordingly, Defendants respectfully request this Court allow them one additional week (or up to and including Thursday, April 19, 2019) to respond.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good cause exists to enlarge the time for Defendants to respond.

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. As stated, Defendants

---

[1] Counsel will gladly provide proof of her illness and incapacity under seal if this Court requires.

2

need one additional week to file their response, because their counsel has been out of the office for one week due to health issues. Defendants assert that their counsel's incapacity constitutes good cause for the requested enlargement. Moreover, the enlargement of time Defendants are requesting is the same amount of time their counsel was unable to work. Finally, the short enlargement requested should not unfairly prejudice Plaintiff.

### III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their Motion for Enlargement of Time and allow them up to and including Thursday, April 18, 2019, to respond to the Report and Recommendation of the Magistrate at ECF No. 43.

DATED this 11th Day of April, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendant*

IT IS SO ORDERED.  DATED:
NUNC PRO TUNC:  APRIL 11, 2019.

_____
ROBERT C. JONES